05-C 1685 (JR)

Re: case #05-1685 (JR)
Razzoli -v- Fed. Bureau of Prisons

Kevin Razzoli
#39945-066
P.O. Box 2000
White Deer, Pa, 17887

Motion/Brief in support
Request to STAY
Proceedings until
Release From Hole

Pro se petitioner Kevin Razzoli #39945-066 Hereby

Requests "STAY OF COURT ACTION" until

Release FRom Special Housing Unit.

ON Nov. 8, 2005 on the same day of

AUSA Peters Request For Time Eystetion

Razzoli was Placed in S.H.U. in retaliation

For Court Action Pending against Defendants.

1.) Woods -v- Smith 60 F3d1160 &A 9/65 Foot Note #2
    Woods at 1163  Foot Note #1   RECEIVED
2.) Razzoli -v- FCI Allenwood 3:04-cv-2495
    which gov't Failed to Answer Retaliation.

This showing also in RAZZOLI -v- B.O.P. 3:04-cv-2494, where Judge Kosik was put on Notice of such a "CONSPIRACY" [PRIOR] Nov. 8, 05 actions taken by Defendants, ie Letter Filed April 30, 2005 with Judge Kosik and August 4, 2005 Letter to U.S. Attorney Thomas MARINO Mid. Pa. Dist. about Officer Klaps Intentions.

Also supported By "TOOLASPRASHAD -v- B.O.P., 286 F3d 576" dealing with the VERY SAME FCI Allenwood Defendants, ie Retaliation against Inmates.

TOOLASPRASHAD -v- B.O.P.
286 F3d 576 (DC. Cir 2002)

2

FCI Allenwood SHU Law Library, "does not" have a sufficiently equiped law library to research, manufacture & copy a legal response that involves going to law library "1 time" every [7 DAYS] especially for a non-lawyer type person, and in the interest of justice Razzoli be severely hindered by the defendants since this action involves FCI Allenwood/B.O.P. Personnel.

## Conclusion

In the interest of justice this request should be granted a court appoint counsel to represent Razzoli to deter any further act of retaliation. 28 U.S.C. §1746

Kevin Razzoli
Pro Se

RC: Case #05 1685 (JR)

Re: Case # 05 C 1685 (JR)
Razzoli -v-

Supporting Affidavit of
Kevin Razzoli, pro se

I Kevin Razzoli, certify pursuant to 28 U.S.C. § 1746 that I was placed in S.H.U. (Hole) in Retaliation for court action & denied to have FBI Finger prints & Video Surveillance of Cell #120 violation of Due Process 14th. Amend. and cannot properly defend & prosecute this case while in S.H.U. (Hole) & Require a Stay of Proceedings until Released from S.H.U. Due to only access to Library 1 time a week and No Case Law in Library just title 18 annotated & some Title 28, Rules of Civil & Crim. Proc. No Copier, No Type Writer etc., This gives me

1

No choice but to ask for Court appointed Counsel or STAY of Court action.

I do so swear.

I Certify, pursuant to 28 U.S.C. 1746 the above outlined is True, Accurate & Correct.

Kevin Rizzol.
Pro Se Petitioner

Note: I'm Limited to 6 Pieces of Paper & 5 Envelopes A week by Staff.

US DISTRICT OF
NANCY MAYER WHITTINGTON, CLERK

NOV 21 05

RECEIVED

2

# PROOF OF SERVICE

I certify that on __11/17/05__ (date) I mailed a copy of this brief and attachments via first class mail to the following parties at the addressess listed below:

U.S. DISTRICT COURT
DISTRICT OF Columbia
333 Constitution Ave, N.W.
Washington, D.C. 20001

Cert Mail 7002 0510 0001 6675 8769

From Special Housing Unit

U.S. Attorney Office
A.U.S.A. Peter S. Smith
Justice Center
222 4th Street, NW
Washington DC, 20001

Regular mail

From Special Housing Unit

## PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

In addition to the above proof of service all litigants who are currently institutionalized or incarcerated should indicate the following statement on all documents to be filed with this Court:

I certify that this document was given to prison officials on __11/17/05__ (date) for forwarding to the **Court Of Appeals.** I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746.

_____
Signature

Dated: __11/17/05__