UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KEVIN RAZZOLI**, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 05-1685 (JR) |
| | ) |
| **BUREAU OF PRISONS, et al.**, | ) |
| | ) |
| Defendants. | ) |

### DEFENDANTS' MOTION FOR PROTECTIVE ORDER
### AND OPPOSITION TO MOTION FOR STAY

This case appears to be challenge certain Bureau of Prisons practices under the Privacy Act, 5 U.S.C. § 552a. Compl. at 1. Defendants respectfully move under Fed. R. Civ. P. 26(c) for a protective order providing that Defendants are not required to respond to any outstanding discovery in this case and that Plaintiff must wait to serve any additional discovery requests until such time as the discovery specifically is permitted by order of this Court.[1] Since Plaintiff is incarcerated it is impracticable for the undersigned to confer with him about this Motion.[2] A proposed order consistent with this Motion is attached.

---

[1] Fed. R. Civ. P. 26(d) prohibits the parties from engaging in discovery prior to the Court's initial scheduling conference or scheduling order in a case. While Rule 26 exempts pro se prisoners from the meet and confer requirements of initial scheduling in a case, that exemption does not seem to be designed to allow pro se prisoners to serve discovery requests at any time, especially when Defendants have yet to even answer the Complaint.

[2] Local Civil Rule 7(m) requires "counsel" to discuss nondispositive motions with "opposing counsel." It does not require counsel to discuss those motions with pro se parties. Nonetheless, it has been the general practice of this office to attempt to discuss such motions with nonprisoner pro se parties. This practice is informed by, and consistent with, Local Civil Rule 16.3(a). Local Civil Rule 16.3(a) excludes prisoner pro se parties from the Court's meet-and-confer requirements. Specifically, that Rule requires "[c]ounsel (including any *nonprisoner* pro se party)" to meet and confer prior to a scheduling conference. LCvR 16.3(a) (emphasis added).

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney


_____
PETER SMITH, D.C. Bar #465131
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0372

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KEVIN RAZZOLI**,               )<br>                                              )<br>           Plaintiff,            )<br>                                              )<br>      v.                                  )<br>                                              )<br>**BUREAU OF PRISONS, et al.**,   )<br>                                              )<br>           Defendants.           )<br>_____) | Civil Action No. 05-1685 (JR) |

### DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR PROTECTIVE ORDER AND OPPOSITION TO MOTION FOR STAY

Defendants respectfully move pursuant to Fed. R. Civ. P. 26(c) for a protective order stating that Defendants are not required to respond to any outstanding discovery in this case and that Plaintiff must wait to serve any additional discovery requests until such time as the discovery specifically is permitted by order of this Court.[1] Defendants have not answered or otherwise responded to Plaintiffs' Complaint, nor has the Court had an opportunity to issue a scheduling order for this case.

Plaintiff's Complaint challenges certain alleged practices under the Privacy Act. Compl. at 1. On November 8, 2005, Defendants moved to enlarge their time to answer Plaintiff's Complaint. Docket No. 13. The Court granted that motion on November 10, 2005. Defendants' answer currently is due by December 19, 2005. On November 21, 2005, Plaintiff filed a motion to stay this case, Docket No. 14, requests for admissions, Docket No. 15, and requests for the production of documents, Docket No. 16.

Rule 26(c) provides that the Court may issue a protective order barring discovery requests in order to, <u>inter alia</u>, protect a party from undue burden or expense or for good cause. Fed. R. Civ. P. 26(c). Here, Defendants intend to file a dispositive motion in this case. Defendants

---

[1] Fed. R. Civ. P. 26(d) prohibits the parties from engaging in discovery prior to the Court's initial scheduling conference or scheduling order in a case, which has yet to occur in this case.

expect that motion fully to resolve the case.  This Court has broad authority to regulate discovery and "should not hesitate to exercise appropriate control over the discovery process."  Herbert v. Lando, 441 U.S. 153, 177 (1979); see Fed. R. Civ. P. 26(c).  It is particularly appropriate to stay discovery pending the outcome of dispositive motions.  See Brennan v. Local Union No. 639, International Brotherhood of Teamsters, 494 F.2d 1092, 1100 (D.C. Cir. 1974), cert. denied, 429 U.S. 1123 (1977).  When "the determination of a preliminary question may dispose of the entire suit, applications for discovery may properly be deferred until the determination of such questions."  O'Brien v. Avco Corp., 309 F.Supp. 703, 705 (S.D.N.Y. 1969).  At the very least, discovery should be had, if at all, only after the Court rules on these pending motions and a need for factual development has been shown.

In addition, Plaintiff's requests would create an undue burden and expense on the government.  Plaintiff seeks, inter alia, certain records that he claims are maintained in various offices throughout the country, including the "Southern District of New York Probation Office" and "Northern District of Illinois."  Req. for Disc. at 1.  This exceedingly broad request seems to be unlimited in time or scope.

In the interest of justice and in order to conserve the resources of this Court and the parties, the Court should enter an order barring discovery in this case until the Court sets a schedule for this case or resolves Defendants' planned dispositive motion.

Similarly, the Court should deny Plaintiff's motion for stay.  Defendants expect to file a motion to dismiss this case arguing, among other things, that the Court lacks jurisdiction over Plaintiff's claims.  The Court should not enter an ordering staying a case over which it lacks jurisdiction.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney


_____
PETER SMITH, D.C. Bar #465131
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0372

3

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 23d day of November, 2005, a true and correct copy of the foregoing was served upon Plaintiff Kevin Razzoli by first class United States mail, postage prepaid, to:

**KEVIN RAZZOLI (PRO SE)**
**# 39945-066**
**F.C.I. - Allenwood**
**POB 2000**
**White Deer, PA 17887**

/s/

PETER S. SMITH, D.C. Bar #465131
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0372