UNITED STATES DISTRICT COURT
FOR DISTRICT OF COLUMBIA

Kevin Razzoli
PLAINTIFF

-v-

Bureau of Prisons
U.S. Parole Commission
U.S. Probation (Main Off. Wash. DC.)
U.S. Probation (ND, ILL)
U.S. Probation (S.D. N.Y.)

Judge: Robertson
CASE # 05-1685 (JR)

RECEIVED
DEC 12 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

PLAINTIFF's "Objection/Response" TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND OPPOSITION TO PLAINTIFF Request FOR STAY
Title 5 § 552a (e)(5), (g)(1)(c), (g)(4) et seq.
See Attached Exhibits # 1-3

This case was filed against the "Five Listed" Defendants' Listed Above and "NOT JUST" The B.O.P.!

"PLAINTIFF's" [Objection + Opposition] to A.U.S.A. Peter S. Smith's submission dated Nov. 23, 2005 "FOR DENIAL" of the Gov't's Requested

1.) ORDER OF PROTECTION    + 2.) OPPOSITION OF STAY.

1.) Toolasprashad -v- B.O.P., 286 F3d 576, 577, 578
2.) Sellers -v- B.O.P., 959 F2d 307, 308 (D.C. Cir 1992)
3.) Wilson -v- Rachmill, 878 F2d. 772 (3rd. Cir 1989)

I.) COURT MUST DENY DEFENDANTS REQUEST FOR "ORDER" OF PROTECTION PURSUANT TO Fed. R. Civ. P. 26(c) FOR this violates Title 5 § (g)(1)(c) & 14th Amend U.S.C.A. U.S. CONSTITUTION. Due PROCESS OF LAW.

1.) PLAINTIFF Kevin RAZZOLi PROSe, hereby Submitts his "OPPOSION BRIEF" to DEFENDANTS' REQUESTED "PROTECTIVE ORDER" denying the Release of DISCOVERY PURSUANT TO F.R.Civ.P. Rule 26 (a)(1)(3),(B)(B),(P), to PLAINTIFF that will enable him to "OPPOSE" any of the DEFENDANTS' Submissions.

2.) RAZZOLi PROSe, "REQUESTED" documents that is in the DEFENDANTS' POSSESSION that is being "CONTINUALLY" made Available "THRU out the COUNTRY" to be used to "MAKE & SUPPORT" an REVERSE DECISION towards RAZZOLi SEE: RAZZOLi -v- FCI Allenwood CASE # 3:04-CV-2495 Fc: November 16 + 23, 2005 bRiEFs

2

before Judge Edwin M Kosik Middle District of Pennsylvannia, see also <u>Razzoli -v- B.O.P. 230 F3d 371</u> <u>(D.C. Cir 2000)</u>, <u>Razzoli -v- FCI Alm. Warden 225 F3d 650</u> <u>(3rd Cir 2000)</u>, <u>Razzoli -v- U.S. Parole, case # 03-cv-2656 (E.D.</u> <u>Court of Appeals "2nd Circuit" Vacated" Mandate April 20, 200</u>

3.) The case at bar (Razzoli) is supported by Toolasprashad -v- B.O.P., 286 F3d. 576, 577, 578 (D.C. Cir. 2002) same set of defendants (FCI Alm Staff) who's employee's (B.O.P.) use other employees to "<u>Manufacture False Records</u>".

see "<u>Toolasprashad 286 F3d at 578 Key Note # 13 Records</u>"
Reasonable Reliance by some employees <u>cannot</u> <u>emmunize</u> an agency from Privacy Act consequences of employing other individuals who delibarately falsify records......

3

AND ALSO BY "<u>SELLERS -v- B.O.P. 959 F2d at 308 (D.C.CIR. 1992)</u> KEY NOTE # <u>3 RECORDS</u> & KEYNOTE # 4 <u>Also</u>" <u>Sellers @ 959 F2d at 310</u>, "<u>B.</u>" "<u>The PRIVACY ACT CLAIMS</u>" "<u>STRANG -v- U.S. ARMS CONTROL & DISARMAMENT AGENCY 864 F2d 859 at 865 (D.C. 1989)</u> As in "<u>STRANG</u>", The "<u>TRUth</u>" was easily [ASCERTAINABLE], FIRST, "<u>RAZZOLI MOTHER's</u>" Address has been 133A BEACON Ave JERSEY CITY, N.J 07306 and "<u>Never</u>" Resided IN NEWYORK STATE in her "<u>whole Life</u>" & Neither of his BROTHERS Michael, PAUL, MARK RAZZOLI; this is JUST one of "<u>MANY</u>" [FALSE] ENTRIES "<u>willfully & KNOWINGLY</u>" manufactured BY Employees of the DEFENDANTS that is being use [AGAINST] RAZZOLI to SUPPORT "<u>ADVERSE DECISIONS</u>"

4

5.) RAZZOLi Pro Se, Requested that the defendants produce documents that was being used to manufacture "memo's & support" for their decisions. & submitted admissions "25 in All" that will show the "willfull & known intent of acts of malfeasance" that employees for; 1.) B.O.P. 2.) U.S. Parole Commission, 3.) U.S Probation Washington D.C., 4.) U.S. Probation N.D.Ill., 5.) U.S Probation S.D.N.Y., committed against Razzoli in violation of Title 5 § 552a (e)(5), (g)(1)(cc), (g)(4).

Court has jurisdiction pursuant to: Title 5 § 552a (g)(1)(D); Any agency fails to comply with any other provision of this section or any rule promulgated thereunder in such away as to have an adverse effect on an individual, he may bring civil action against the agency in District court & U.S Dist court has jurisdiction

Defendants "Arguement" of an undue burdent exspense on GOV'T, is somewhat puzzling since, How come the defendants "make available" these same documents I'm Requesting to other agencies thru out the country, and I CANNOT Review such document which violated U.S. Supreme court Rylings in;
1.) SANDIN -v- CONNER, 132 LEd 2d. 418 (1995)
2.) WOLF -v- McDONNELL 41 LEd 2d 935 (1974)
3.) MEACHAM -v- FANO 49 LEd 2d. 451 (1976)
4.) DENT -v- W. Virginia 32 LEd 623 (1889)

Touchstone pricipal of Due process of law is to protect the citizens (against) "ARBITRARY ACTS" of the Gov't., "U.S. -v- UNIVERSITA 298 F2d. 365, 367 8 LEd 2d 816 (1962) Prosecutor has a special duty not to mislead; the gov't should not make affirmativ statements contrary to the truth        page #6

## II.) The COURT MUST DENY, DEFENDANTS REQUEST FOR DENIAL OF STAY OF PROCEEDINGS REQUESTED BY PLAINTIFF.

1.) MAZZOLI PROSE, REQUESTED A STAY OF PROCEEDINGS BECAUSE ON NOV. 8, 2005 he was PLACED IN S.H.U., THE VERY DAY A.U.S.A SMITH REQUESTED AN EXSTENTION OF TIME ON WHICH TO REPLY.

2.) THIS REQUEST WAS "GRANTED" ON Nov. 10, 2005 BY Judge RobERTSON.

3.) S.H.U., PLACES MAZZOLI IN A "SEVERE DISADVANTAGE" SINCE ONE (1) He is NOT REPRESENTED BY COUNSEL and does NOT HAVE ACCESS TO A PHONE TO CALL PRO BONO COUNSEL FOR ADVICE, OR does he HAVE ACCESS TO WEST LAW, Nexus/Lexus OR EVEN UPDATE LAW book TO RESEARCH AT WILL. SEE "Allah -v- Seiverling", 229 F3d 220, 221 (3rd Cir. 2000), PRISON #3(5): 4, 5, 6...

7

This Now gives the Court the Power to "ORDER" the "PRE-TRIAL CONFERANCE" RAZZOLI Requested back on or about October 1, 2005.

RAZZOLI, outlined Five (5) issues to address at "PRE-TRIAL CONFERANCE" that Item #5 appointment of counsel being one issue Now that RAZZOLI is in the Hole Needs to be addressed since RAZZOLI will prevail in this Action. Appointment of counsel in this matter will elevate any "PREJUDICE" created by the defendants & willfull acts to Impede & OBSTRUCT this Action from moving forward. See TOOLASPRASHAD-v-B.O.P. 286 F3d 576 (DCCir 2002) to support FCI Allenwood Staff will Employ each other to Falsify documents.

8

"EICOCK -v- HENDERSON", 902 F2d 219 at 220 [1,][2,3] (2nd Cir 1990) & "RAZZOLI -v- B.O.P.", 230 F3d 371 (DC Cir 2000) where the Court has the authority to appoint counsel since Razzoli "has exhausted" his admin Remedies see B.O.P. Case File #383234-A2 Central Office of B.O.P. Washington D.C. & U.S. Parole document dated August 9, 2005 "denying" Razzoli appeal signed by Patricia Moore U.S. Parole, 5550 Friendship Blvd., Chevy Chase, Maryland, who used documents from U.S. Probation in both Chicago, Illinois & Southern District of New York, which "All" documents contained "Willfull & Known" Fraudulent facts that was used to support an adverse decision against Razzoli.

9

based on the premise also that this case is "Requested" "For Trial by Jury Demand" the Court must weigh heavily on issuing the "Order" for Pre Trial Conferance & Order the Defendants to Answer "Both" "Discovery & Admissions" before any dispositive motions are entertained. For blatant violations of title 5 §§529 et seq by the defendants, which this Court has the Jurisdiction to preside over such matter pursuant to §552a (g)(1)(D), being "All" Agency Head Quarters are located in Washington D.C. & "Final Denial" of appeal of remedy's came from Washington DC where records are maintained.

## CONCLUSION

Given the overwhelming facts present of willfull & known violations of Razzoli's Right to Clear & Accurate Records used to draw decision against him, an that this Right was violated by "All" defendants, giving this court has Jurisdiction pursuant to Title 5 §552a (g)(1)(c) Defendants Request is "Denied" & Discovery, Admissions along with "date for PreTrial Conferance" will be outlined in this order to Follow. Therefore this Honorable Court Deny's Defendants Request.

Date: Dec. 07, 2005
Cert #7002 0510 0001 6675 8677
Case# 05 1685 CJR
U.S. D. ST. Court D.C.

Submitted By:
Kevin Razzoli
Kevin Razzoli
39945-066
U.S. Naval Prisoner

US DISTRICT COURT
DISTRICT OF COLUMBIA

Kevin Razzoli
Plaintiff

-v-

Fed. Bureau of Prisons et.al;
Defendants

Judge: Robertson
Case #: 05 1685

"ORDER"

IT is Hereby "ORDERED" that Defendants Requests are Denied & a "PRETRIAL-CONFERANCE" is set for JANUARY 3, 2006 at 10:00 AM Before Honorable Judge Robertson.

IT is Further ordered that Inmate Razzoli will be Produced for such hearing and the Law Firm of Miller & Chevelein is appointed due to their familiarity with this case & past litigation Before D.C. Cir. Court of Appeals.

IT is So ordered

Judge Robertson
United States District Judge
District of Columbia



**U.S. DEPARTMENT OF JUSTICE**
United States Parole Commission

*5550 Friendship Boulevard*
*Chevy Chase, Maryland 20815-7201*
*Telephone: (301)492-5821*
*Facsimile: (301)492-5525*

Ex #1

August 9, 2005

Mr. Kevin Razzoli
Reg. No. 39945-066
Allenwood FCI-Med
P. O. Box 2500
White Deer, PA 17887

Re:  Razzoli, Kevin
     Reg. No. 39945-066

Dear Mr. Razzoli:

This is to inform you that we have received your appeal on July 5, 2005. However, the decision in your case is not appealable.

The fact that your decision was not appealable was pointed out to you on your Notice of Action dated June 27, 2005.

Sincerely,

Patricia W. Moore
Secretary

PWM

Queued: 08-09-2005 14:33:10 BOP-Allenwood FCI-Med

Exh. #2

```
                    REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: OCTOBER 19, 2005


FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : KEVIN RAZZOLI, 39945-066
      ALLENWOOD MED FCI    UNT: UNIT 3A    QTR: C02-120U
      P.O. BOX 2500
      WHITE DEER, PA 17887


FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID         : 383234-A1      CENTRAL OFFICE APPEAL
DATE RECEIVED     : OCTOBER 18, 2005
SUBJECT 1         : COMMUNITY CORRECTIONS CENTER REFERRALS
SUBJECT 2         :
INCIDENT RPT NO:

REJECT REASON 1:  YOU DID NOT PROVIDE A COPY OF YOUR  INSTITUTION
                  ADMINISTRATIVE REMEDY REQUEST (BP-9) FORM OR  A COPY
                  OF THE (BP-09) RESPONSE FROM THE WARDEN.

REJECT REASON 2:  SEE REMARKS.

REJECT REASON 3:  YOU MAY RESUBMIT YOUR APPEAL IN PROPER FORM WITHIN
                  15 DAYS OF THE DATE OF THIS REJECTION NOTICE.

REMARKS         : ALL FOUR PAGES OF YOUR BP11 FORM MUST BE LEGIBLE.
                  THE FOURTH PAGE IS DIFFICULT TO READ.
```

Note: Enclosed what is requested in reason #1 for rejection.

This was originally enclosed, look at steam mark on BP-11 showing the discoloration where envelop was "STEAMED OPEN"

7002 0510 0001 6675 8820

Certified Mailed ON 10/30/2005

November 17, 2005

Honorable Edwin M. Kosik,
Federal District Court Judge For
the Middle District of Pennsylvania
Fax (570) 207-5739

                                      Re:    Kevin Razzoli # 39945-066
                                                      FCI Allenwood

Dear Judge Kosik:

I am an attorney and represent the above Federal inmate on matters that are not pending before your Honor. In light of your Honor's Show Cause Order of Nov. 1, 2005 on case # 3: 04 CV 2495, which Mr. Razzoli read to me over the phone, I advised Mr. Razzoli not to talk to anyone concerning his possible release on parole because some powerful people do not want to see him released. By way of back ground, Mr. Razzoli was convicted of attempt murder by a military court approximately 20 years ago and was sentenced to 25 years in custody. He was later transferred to a non-military institution and is currently incarcerated at FCI Allenwood. He asked me to notify you of his present predicament in case some documents were requested or needed by the Court.

Last night, I received a telephone call from Mr. Razzoli. In last nights call, he told me that he was and had been locked up in the Hole for over a week because a shank was found in his cell and that his legal materials had been confiscated. He told me that the shank was not his. He further told me that he demanded a copy of a FBI report on finger prints lifted from the knife and for the surveillance film of his cell. He told me that they were going to have a hearing tomorrow concerning the shank. He believes that he knows the identity of the people who placed the shank in his cell and the reasons for it.

This morning I received another call from Mr. Razzoli who informed me that he had had his hearing concerning the shank. Mr. Razzoli was told that the shank was not found on his person, but, rather, was found taped under a piece of furniture in his cell. Mr. Razzoli has a cell mate. The FBI report on fingerprints was not produced and the surveillance film was not produced. Further the hearing officer refused to allow Mr. Razzoli to call two witnesses. Mr. Razzoli believes that the shank was planted in retaliation for certain legal and institutional actions taken by Razzoli against Prison staff (See affidavit of Michael Riconosciuto filed in case # 3:04 CV 2494).

As I said, Mr. Razzoli has some powerful enemies and the following are some examples:

Page Two – Judge Edwin M. Kosik

1. Mr. Razzoli was ordered to be released on parole by Sept., 2004 which was later retarded to Nov., 2004. He was never released. Further, he has had one parole hearing to date since Nov., 2004, which I believe is a violation of the rules concerning parole hearings.

2. Further, Ms. Joanne Stern of the U. S. Probation Department (New York) has informed me that she cannot place Mr. Razzoli in New York. By letter she blames Mr. Keith Dewey (Mr. Razzoli's case manager) for not supplying information necessary to place Mr. Razzoli in New York. I talked to Mr. Dewey who informed me that he has supplied all of the necessary information and the problem is with Ms. Stern. Mr. Dewey also informed me that he has requested another parole hearing, however, as of this writing, I do not know the results of his request.

3. Because of the various (too many to go into here) problems with a New York parole, Mr. Razzoli changed his release plan to Chicago, IL. Mr. Dewey forwarded the paperwork to the U. S. Probation Department in Chicago, IL. Agent Nakita France Smith was assigned the case. She originally denied parole to Chicago and I sent a letter to her superior. He directed me to talk to Ms. France Smith. I met with Ms. France Smith at her office and tendered to her a copy of the above referenced Stern letter which puzzled Ms. France Smith. I also laid out a plan for his parole to Chicago. During that meeting, Ms France Smith told me that she would approve a parole to Chicago for Kevin Razzoli. Subsequent to my meeting with Ms. France Smith, I talked to Mr. Dewey who informed me that he had talked to Ms. France Smith and she told him that she was probably going to agree to a Chicago parole for Mr. Razzoli. Several weeks later, Mr. Razzoli informed me that Ms. France Smith had denied parole to Chicago for the same reasons as originally stated in the original denial. Something or someone made her change her mind.

4. Now with your Honor's Order of Nov. 1, 2005, ordering the parties to show cause by Nov. 15, 2005, why Mr. Razzoli shouldn't be released on parole, the prison officials find a shank in the cell of someone who may be about to be released. That simply doesn't wash especially in light of Mr. Riconosciuto's affidavit concerning retaliation by Prison staff.

Mr. Razzoli asked me to inform you that if Mr. Razzoli is required to file any legal documents with the Court, he will be unable to do so since his legal papers have been confiscated. When his documents are returned, he will be more than happy to comply.

Sincerely,

*Louis P. Buffardi* (signature)

Louis P. Buffardi

cc: AUSA Michael Butler (717) 221-2246