UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**KEVIN RAZZOLI**,   )
                    )
       Plaintiff,   )
    v.              )   Civil Action No. 05-1685 (JR)
                    )
**BUREAU OF PRISONS, et al.**,   )
                    )
       Defendants. )
_____)

## DEFENDANTS' MOTION TO DISMISS, OR FOR TRANSFER

Pursuant to Rules 12(b)(1), 12(b)(2), 12(b)(3) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Federal Bureau of Prisons (BOP), United States Parole Commission and various federal probation offices respectfully move this Court to dismiss the Complaint. Alternatively, Defendants request transfer of this case. In support of this Motion, the Court is respectfully referred to the accompanying memorandum of points and authorities. A proposed order consistent with this motion is attached.

Plaintiff should take notice that to the extent that this Motion is treated as one for summary judgment, any factual assertions contained in the attached Memorandum in Support of this Motion and supporting exhibits will be accepted by the Court as true unless Plaintiff submits his own affidavit or other documentary evidence contradicting the assertions therein. See Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992).

                Respectfully submitted,

                _____
                KENNETH L. WAINSTEIN, D.C. BAR # 451058
                United States Attorney

        R. CRAIG LAWRENCE, D.C. BAR # 171538
        Assistant United States Attorney

        PETER SMITH, D.C. Bar #465131
        Assistant United States Attorney
        United States Attorney's Office
        Civil Division
        555 4th Street, N.W.
        Washington, D.C. 20530
        (202) 307-0372

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KEVIN RAZZOLI**, | ) |
|                Plaintiff, | ) |
|            v. | )   Civil Action No. 05-1685 (JR) |
| **BUREAU OF PRISONS, et al.**, | ) |
|                Defendants. | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION DISMISS OR FOR TRANSFER**

Pro se Plaintiff Kevin Razzoli is a federal inmate housed at the Allenwood Federal Correctional Institution in White Deer, Pennsylvania (hereinafter "FCI Allenwood"). Compl. Plaintiff brings this action against various federal defendants including the Bureau of Prisons and the United States Parole Commission. Plaintiff's confusing and prolix Complaint asserts that this case arises under the Privacy Act, 5 U.S.C. § 552(a)(e)(5), (g)(1)(c), (g)(4), alleging that federal prison and parole officials revoked his parole agreement and failed to release him on September 28, 2004, Compl. at 3, ¶ 3, falsified records and retaliated against him, Compl. at 3, ¶ 2, and relied upon erroneous records in making a parole determination, Compl. at 3, ¶ 5. Compl. at 5. Plaintiff seeks damages and expungement of certain records. For the following reasons, Plaintiff's Complaint should be dismissed. Plaintiff is an inmate currently housed at the Allenwood Federal Correctional Institution (FCI), in White Deer, Pennsylvania (which is located in the Middle District of Pennsylvania). See Razzoli v. Director, Bureau of Prisons, slip copy, 2005 WL 2591843 (M.D. Pa. October 13, 2005) (denying Razzoli's motion for preliminary injunction in case transferred from the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1404(a)).

I.      **Standards of Review**

Defendants move for dismissal of Plaintiff's Complaint under Rules 12(b)(1), 12(b)(2), 12(b)(3), and 12(b)(6) of the Federal Rules of Civil Procedure.  Requests for dismissal for lack of jurisdiction over the subject matter pursuant to 12(b)(1) and failure to state a claim pursuant to 12(b)(6) require different standards of review.

"In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor." Thompson v. Capitol Police Board, 120 F. Supp. 2d 78, 81 (D.D.C. 2000) (citations omitted).  "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." Rann v. Chao, Dep't. of Labor, 154 F. Supp. 2d 61, 64 (D.D.C. 2001) (citing Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990), aff'd __ F.3d ___ (D.C. Cir. 2003), cert. denied, 125 S.Ct. 35 (2004)).  In addition, "[o]n a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuasion to establish subject-matter jurisdiction by a preponderance of the evidence." Thompson, 120 F. Supp. at 81.

A court may resolve a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) in two ways.  First, the court may determine the motion based solely on the complaint. Herbert v. National Academy of Science, 974 F.2d 192, 197 (D.C. Cir. 1992).  Alternatively, to determine the existence of jurisdiction, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence.  See id.

Similarly, a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) may be granted if it is beyond doubt that a plaintiff can demonstrate no set of facts that supports

2

his claim entitling him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1117 (D.C. Cir. 2000). The Court is to treat the complaint's factual allegations as true, see Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 164 (1993), and must grant plaintiff "the benefit of all inferences that can be derived from the facts alleged," Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979). However, "the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by the facts alleged in the complaint, nor must the Court accept the plaintiff's legal conclusions." Akintomide v. United States, 99-MS-0055 (PLF), 2000 WL 1693739, at *1 (D.D.C. Oct. 31, 2000) (citing National Treasury Employees Union v. United States, 101 F.3d 1423, 1430 (D.C. Cir. 1996); Kowal v. MCI Communication Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)). Applying these standards demonstrates that Plaintiff's Complaint should be dismissed.

**II.    Argument**

    A.    Allegations That Are the Subject of Ongoing District Court Litigation in the Middle District of Pennsylvania Are Not Properly Before the Court In This Case.

Plaintiff has filed an action that is being litigated in the Middle District of Pennsylvania that contains the same claims that Plaintiff appears to be asserting in this Complaint. Specifically, in the Middle District of Pennsylvania, Plaintiff argues that "Bureau of Prisons officials . . . and the Commissioner of the United States Parole Commission, caused him to be placed in the Special Housing Unit at FCI-Allenwood in retaliation for his exercise of his First Amendment right to access to the courts." Razzoli v. Director, Bureau of Prisons, slip copy, 2005 WL 2591843 at *1 (M.D.Pa. October 13, 2005). Here, he seems to be asserting exactly the same claims. See Compl. at 3, ¶ 3 ("Upon arrival [at FCI Allenwood] Razzoli was placed in the

3

HOLE [sic] for retaliation [sic] from his court win . . . ."). The United States Court of Appeals for the District of Columbia Circuit recently noted that: "separate parallel proceedings have been long recognized as a judicial inconvenience." Handy v. Shaw, Bransford, Veilleux & Roth, 325 F.3d 346, 349 (D.C. Cir. 2003) (quoting Columbia Plaza Corp. v. Sec. Nat'l Bank, 525 F.2d 620, 626 (D.C. Cir. 1975) ("sound judicial administration counsels against separate proceedings, and the wasteful expenditure of energy and money incidental to separate litigation of identical issues should be avoided")). Where two actions involving the same parties and identical issues are pending in different federal district courts, the United States Supreme Court has stated that the "general principle is to avoid duplicative litigation." Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976) (citations omitted). That is exactly the situation here. The Court should dismiss this case in order to avoid the unnecessary time and expense of litigating the same claim between the same parties in two different districts. In addition, dismissal would prevent the potential that courts may reach inconsistent results if the claims proceed in two separate Privacy Act cases. The Court may, in its discretion, dismiss claims that are also raised in another proceeding. Handy, 325 F.3d at 350-51.[1]

  B.  The Bureau of Prisons Is Exempt from the Amendment Requirement
     Under the Privacy Act.

Plaintiff seems to be alleging that the BOP used or maintains erroneous information to make determinations adverse to him in violation of the Privacy Act. Section (e)(5) of the Act

---

[1] Handy involved review of the District Court's dismissal of a lawsuit also brought in D.C. Superior Court and noted that federal courts should decline jurisdiction over such cases only in "exceptional circumstances." Here, however, Plaintiff brought similar claims in parallel federal lawsuits in two different districts. Consistent with the D.C. Circuit's direction, here the Court should dismiss the claims in this case that currently are pending in an earlier-filed action in the Middle District of Pennsylvania.

provides that each agency that keeps a system of records must "maintain all records . . . with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination." 5 U.S.C. §552a(e)(5). In order to ensure that government records are accurately maintained, the Privacy Act also imposes a duty to amend or expunge inaccurate records. See 5 U.S.C. § 522a(d). However, the Act permits agencies to exclude certain records from its amendment provisions if the system of records is:

> (2) maintained by an agency or component thereof which performs as its principal function any activity pertaining to the enforcement of criminal laws, including police efforts to prevent, control, or reduce crime or to apprehend criminals, and the activities of prosecutors, courts, correctional, probation, pardon, or parole authorities, and which consists of (A) information compiled for the purpose of identifying individual criminal offenders and alleged offenders and consisting only of identifying data and notations of arrests, the nature and disposition of criminal charges, sentencing, confinement, release, and parole and probation status; (B) information complied for the purpose of a criminal investigation, including reports of informants and investigators, and associated with an identifiable individual; or (C) reports identifiable to an individual complied at any stage of the process of enforcement of the criminal laws from arrest or indictment through release from supervision.

5 U.S.C. § 552a(j)(2). Pursuant to this provision, the Bureau of Prisons has promulgated exemptions to the Privacy Act. See 28 C.F.R. § 16.97(a); White v. United States Probation Office, 148 F.3d 1124, 1125 (D.C. Cir.1998) (per curiam); Deters v. United States Parole Comm'n, 85 F.3d 655, 658 n. 2 (D.C. Cir.1996). Specifically, the Bureau of Prisons has exempted its Custodial and Security Record System, 28 C.F.R. § 16.97(a)(1), and its Inmate Central Record System, 28 C.F.R. § 16.97(a)(4), from the Privacy Act's amendment and expungement requirement. If a system of records is properly exempted from the amendment requirements, the individual is divested of his right to challenge an agency determination or to

receive civil relief pursuant to the amendment provision.  See Sellers v. Bureau or Prisons, 959 F.2d 307, 309 (D.C. Cir. 1992).  Therefore, Plaintiff's claims, to the extent that they concern the amendment of his files, are barred as a matter of law.  See Risley v. Hawk, 108 F.3d 1396, 1397 (D.C. Cir. 1997).  Moreover, any other forms of injunctive relief Plaintiff may be seeking under the Privacy Act are also barred as a matter of law.  See Risley, 108 F.3d at 1397 ("[A]lthough the Bureau of Prisons is subject to the Act's requirement that an agency maintain its records accurately, . . . injunctive relief is not available under that section.).

      C.      Plaintiff's Claims are Barred by the Heck Doctrine.

As is evident from the discussion above, this is not the first time that Plaintiff Kevin Razzoli has brought these same claims before this Court.  The United States Court of Appeals for the District of Columbia Circuit, in Razzoli v. Federal Bureau of Prisons, 230 F.3d 371 (D.C. Cir. 2000), held that the Plaintiff in this case, Kevin Razzoli, as a federal prisoner, must pursue relief through habeas corpus before any other avenue of relief (in that case, the Privacy Act), even where the claim, if successful, would have a "merely probabilistic impact on the duration of custody."  Razzoli, 230 F.3d at 373.  There is no indication in the Complaint that Plaintiff Razzoli has sought a writ of habeas corpus.  This is fatal to his lawsuit.  See Heck v. Humphrey, 512 U.S. 477 (1994).

In Razzoli, Mr. Razzoli's Privacy Act-based claim alleged that the Bureau of Prisons and the United States Parole Commission violated the Privacy Act by allegedly maintaining erroneous records.  The Court of Appeals held that Mr. Razzoli, a federal prisoner, could not proceed directly with a Privacy Act lawsuit.  Rather, the D.C. Circuit held that a prisoner must first proceed in habeas corpus because the claim was ultimately a challenge to the duration of his

6

confinement.[2]

Mr. Razzoli's real challenge in this case is to the length of his confinement. Compl. at 3. Plaintiff's challenge must therefore be brought in a petition for a writ of habeas corpus. Chatman-Bey v. Thornburgh, 864 F.2d 804 (D.C. Cir. 1988)(en banc); Fendler v. United States Parole Commission, 774 F.2d 975, 979 (9th Cir. 1985); Toussaint v. McCarthy, 801 F.2d 1080, 1096 n. 14 (9th Cir. 1986), cert. denied 481 U.S. 1069 (1987); see also McCollum v. Miller, 695 F.2d 1044, 1046 (7th Cir. 1982).

D.  In the alternative, the Court should Transfer this case.

If this case is not dismissed on the grounds raised above, then it should be transferred under 28 U.S.C. §1404(a), which provides that for "the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought." The United States Court of Appeals for the District of Columbia has held that cases such as this one should be transferred to the judicial district where the prisoner is incarcerated, pursuant to §1404(a). "...[M]any, if indeed not most, petitions filed by prisoners not confined in the District of Columbia and not sentenced here originally, will tend to involve factors that make transfer to the place of incarceration appropriate." Starnes v. McGuire, 512 F.2d 918, 926 (D.C. Cir. 1974) (en banc). The Court of Appeals recognized that even if venue is technically appropriate, "there is certainly no reason why all cases involving the construction or constitutionality of a federal statute should be litigated in the District of Columbia." Id. at 925. Rather, where the records, witnesses, and counsel for the case are located

---

[2] If the Court construes this case as a habeas petition, the petition must be dismissed for the reasons set forth in the October 13, 2005 decision of the Middle District of Pennsylvania. In addition, venue for such a petition would lie where the Plaintiff is incarcerated, in the Middle District of Pennsylvania, not in this district. 28 U.S.C. § 2241(d).

7

near the prison and there is no issue of national importance raised by the Complaint, "transfer of the complaint to the district of the plaintiff's incarceration is indicated." Id. at 933; see also Lincoln v. Bureau of Prisons, Civ. No. 96-2325, at 2 (D. D.C. May 2, 1997) ("[t]his Circuit discourages 'carpetbagging' by prisoners who are incarcerated elsewhere.")

The D.C. Circuit in Starnes set out a number of factors for a district court to use in deciding whether to transfer a civil case brought by a prisoner incarcerated outside the District of Columbia. Those factors are: (1) the prisoner's difficulty of communication with counsel; (2) the difficulty of transferring the prisoner; (3) the availability of witnesses and files; (4) the speed of final resolution; and (5) whether the case involves issues of national policy that require the testimony of high-level administrators located in Washington, D.C. Starnes, 512 F.2d at 929-33. On every count, the instant suit is due to be transferred, if not dismissed.

As explained above, Mr. Razzoli has a lawsuit pending in the Middle District of Pennsylvania that is substantially similar to, or the same as, this one. In the interest of justice and consistent with the Starnes factors, the Court should transfer this case to the Middle District of Pennsylvania, where the Plaintiff is housed, and where the same parties and claims currently are before the court in another lawsuit.

**CONCLUSION**

For reasons stated above, Plaintiff's Complaint should be dismissed. If the Court deems this remedy is inappropriate, Defendants request transfer of this case to the Middle District of Pennsylvania.

Respectfully submitted,

KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney


PETER SMITH, D.C. Bar #465131
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0372

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 19th day of December, 2005, a true and correct copy of the foregoing was served upon Plaintiff Kevin Razzoli by first class United States mail, postage prepaid, to:

KEVIN RAZZOLI
# 39945-066
F.C.I. - Allenwood
POB 2000
White Deer, PA 17887

/s/

PETER S. SMITH, D.C. Bar #465131
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0372